UNITED STATES DISTRICT COURT
DISTRICT OF NEVADA

| | | |
|---|---|---|
| ROBERT CSECH, | ) | 3:13-cv-00292-MMD-WGC |
| | ) | |
| Plaintiff, | ) | **MINUTES OF PROCEEDINGS** |
| | ) | |
| vs. | ) | September 29, 2014 |
| | ) | |
| MR. HANNAH, *et al.,* | ) | |
| | ) | |
| Defendants. | ) | |

**PRESENT:**  THE HONORABLE WILLIAM G. COBB, U.S. MAGISTRATE JUDGE

DEPUTY CLERK:   Katie Lynn Ogden    REPORTER:              FTR

COUNSEL FOR PLAINTIFF:   Robert Csech, In Pro Per (Telephonically)

COUNSEL FOR DEFENDANTS:   John L. Ward, Esq.

**MINUTES OF PROCEEDINGS: Motion Hearing**

10:58 a.m.  Court convenes.

The court holds today's hearing to address a series of motions.

The court first addresses Plaintiff's "Amended Complaint" (Doc. # 15). Mr. Csech is advised he had failed to seek leave of court or obtain written consent by the Defendants to file the amended complaint, which is required pursuant to Fed. R. Civ. P. 15. The court also addresses Defendants' "Notice of Joinder of a Party Defendant" (Doc. # 20) in which defendant Isidro Baca joined Defendants' Motion for Summary Judgment (Doc. # 16). The court points out two problems regarding Plaintiff's amended complaint (Doc. # 15) and Defendants' notice joining defendant Baca (Doc. # 20). First, defendant Baca is not a named Defendant in this matter unless it is the Defendants' intention to provide a written consent through their notice (Doc. # 20). Second, even if Defendants do consent to join Baca, and the motion for summary judgment (Doc. # 16) does in fact address the allegations in the amended complaint (Doc. # 15), the motion for summary judgment does not incorporate the allegations made in the original complaint (Doc. # 4); which, Plaintiff represents he did not intend to abandon the allegations asserted in the original complaint when filing the amended complaint.

1

MINUTES OF PROCEEDINGS
3:13-cv-00292-MMD-WGC
Date: September 29, 2014

      Nevertheless, the amended complaint (Doc. # 15) is improperly before the court; therefore, the court **STRIKES** the pleading as a fugitive document and the operative complaint in this matter is Plaintiff's original complaint (Doc. # 4). However, the court will allow Plaintiff the opportunity to seek leave of the court to file an amended complaint. Plaintiff is reminded that he must comply with Fed. R. Civ. P. 15 and LR 15-1(a) so the documents are properly before the court for its consideration. Plaintiff shall have twenty-one (21) days or up to and including **Monday, October 20, 2014**, to file a motion for leave to amend the complaint.

      At the request of Defendants' counsel, Defendants' "Notice of Joinder of a Party Defendant" (Doc. # 20) is similarly **STRICKEN** from the record in view of the amended complaint (Doc. # 15) being stricken.

      Furthermore, Defendants' "Motion for Summary Judgment" (Doc. # 16) is **DENIED as moot** in view of the court's order to strike Plaintiff's amended complaint (Doc. # 15).

      The court next addresses Plaintiff's motion titled "Rule 55(a)b)1) one Entering a Default Federal Rules Civil Procedure 55" (Doc. # 19). It appears Mr. Csech is seeking a default be entered against defendants Cruse and Baca. The court explains Plaintiff's motion is misplaced for two reasons. First, defendant Cruse filed an answer (Doc. # 12) on 5/12/2014. Second, in view of the court striking the amended complaint (Doc. # 15) and this matter proceeding within the parameters of the original complaint (Doc. # 4), defendant Baca is not a named Defendant in this action. Therefore, Plaintiff's motion for default against Cruse and Baca (Doc. # 19) is **DENIED**.

      Plaintiff filed a similar motion (Doc. # 23), seeking a default judgment against defendant Hannah; however, Plaintiff later filed a "Motion to Withdraw 23" (Doc. # 35). In view of Plaintiff's latter motion, neither a default nor a default judgment will be entered as to defendant Hannah. Therefore, Plaintiff's motion to withdraw (Doc. # 35) is **GRANTED** and his motion for default judgment (Doc. # 23) is **DENIED as moot**.

      The court next discusses Plaintiff's "Motion for Sanction" (Doc. # 30), which is being interpreted as a requests for the court to enter sanctions against defendants Cruse and Baca for failure to make an appearance in this matter. Again, the court explains defendant Cruse did make an appearance when he filed his answer (Doc. # 12) and defendant Baca is not a party in this case and is not obligated to make an appearance. Therefore, Plaintiff's motion (Doc. # 30) is **DENIED**.

      The court next addresses the current Scheduling Order (Doc. # 13). In view of the court's

MINUTES OF PROCEEDINGS
3:13-cv-00292-MMD-WGC
Date: September 29, 2014

decisions today and the current posture of the case, the court determines to defer entering an amended scheduling order.  As previously stated by the court, Plaintiff is allowed twenty-one days to file a motion to amend the original complaint (Doc. # 4).  If Plaintiff decides to file a motion to amend and attaches an amended complaint complete in itself, the court will most likely continue to defer entering the amended scheduling order until after the motion to amend is resolved.  However, should Plaintiff choose not to seek leave of this court to amend and wishes to proceed on the original complaint (Doc. # 4), the court will enter an amended scheduling order soon after the deadline to file a motion to amend expires.

Concluding today's discussions, the court makes note of its observation that Plaintiff has three pending prisoner civil rights actions[1] before the United States District Court, District of Nevada.  In view of the three cases appearing to have similar contentions, the court suggest the parties discuss the possibility of scheduling a global settlement.  Should the parties agree a global settlement would be beneficial, the parties shall file a stipulation referencing each case and requesting that the three cases be referred to mediation.  The court explains that any informal discussion regarding the possibility of scheduling a global settlement should not delay the given deadlines, or the litigation processes itself, with regard to the three actions.

The court schedules a status conference for **Monday, October 27, 2014, at 11:00 a.m.**

**IT IS SO ORDERED.**

11:42 a.m. Court adjourns.

LANCE S. WILSON, CLERK

By: _____/s/_____
Katie Lynn Ogden, Deputy Clerk

---

[1] Case No. 3:13-cv-00283-MMD-WGC (Csech v. Van Horn, et al)
Case No. 3:13-cv-00289-MMD-VPC (Csech v. Perry, et al)
Case No. 3:13-cv-00292-MMD-WGC (Csech v. Hannah, et al)