# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

| | |
|---|---|
| ROBERT CSECH, | 3:13-cv-00292-MMD-WGC |
| Plaintiff, | |
| vs. | **ORDER** |
| MR. HANNAH, et al., | |
| Defendants. | |

The court conducted a status conference on this case and in a related matter [*Csech v. Van Horn, et al.*, 3:13-cv-00283-MMD-WGC] on Monday, October 27, 2014. The purpose of the conference was to address various motions and scheduling issues which were previously reviewed by the court on Monday, September 29, 1014.  See, Minutes of Proceedings, Doc. # 38.[1]

Following the court's hearing, the court directed Defendants to coordinate follow-up medical and mental examinations of Plaintiff.  This ruling is addressed in greater detail in this court's order entered contemporaneously in *Csech v. Van Horn, et al.*, 3:13-cv-00283-MMD-WGC, a portion of which is incorporated into this order:

> The court conducted a status conference on this case and in a related matter [*Csech v. Hannah, et al.*, 3:13-cv-00292-MMD-WGC] on Monday, October 27, 2014. The purpose of the conference was to address various motions and scheduling issues which were previously reviewed by the court on Monday, September 29, 2014. Although the issues then before the court are outlined in greater detail in this court's Minutes of

---

[1] Refers to court's docket number.

Proceedings (Doc. # 42), one of the issues addressed at the September status conference was Plaintiff's two separate requests to be transferred to federal custody. (Docs. ## 27, 36.] Plaintiff complained of the lack of adequate medical care he is receiving in state custody. The court explained to Plaintiff it does not have the authority to transfer inmates from state to federal custody. Therefore, Plaintiff's requests were denied.

Nevertheless, the court requested Deputy Attorney General Benjamin Johnson to investigate whether Inmate Csech has received recent physical and mental evaluations from he Nevada Department of Corrections (NDOC) institution where he has been incarcerated for several years, i.e., Northern Nevada Correctional Center (NNCC).  If Mr. Csech had not been evaluated recently, the court directed Deputy Attorney Johnson to request NNCC to undertake such evaluations as expeditiously as possible. (Doc. # 43 at 2-3.)

On October 23, 2014, Defendants filed a Notice of Compliance advising the court Plaintiff Csech had been scheduled for an appointment for a physical evaluation "but he refused the appointment and was a no show." (Doc. # 43.) More specifically, according to a Declaration of NNCC Director of Nursing Terri Jacobs, Inmate Csech "was scheduled for a physical exam on October 8, 2014. The appointment was posted in the unit and Mr. Csech was told by a nurse about the appointment in the yard. * * * The unit was called but Mr. Csech was still a no show." (Doc. # 43-1.)

At the October 27, 2014 status conference, the court expressed its concern about Plaintiff's ability to understand the purpose of the court's hearing. Mr. Csech seemed to have difficulty understanding the questions put to him by the court and also not being able to articulate comprehendible responses. The court is mindful of the possibility Plaintiff may be exaggerating or magnifying his medical or mental condition. In that regard, Plaintiff recently filed a lucid and understandable "Motion for Scheduling Management." (Doc. # 40, September 3, 2014.)  At the court's prior  status conference on September 29, 2014, although at times Plaintiff's speech was somewhat difficult to understand and his reasoning occasionally obtuse, he was able to  fairly reasonably

articulate position. (Doc. # 42.) Nevertheless, the court detected what could be interpreted as a marked decline of Plaintiff's mental status at the most recent hearing (October 27, 2014) and determined this should be investigated further.[2]

In light of Plaintiff's possible mental difficulties, the court addressed the recent decision of the Ninth Circuit Court of Appeals in *Davis v. Walker*, 745 F.3d 1303 (2014). The Court of Appeals directed that where the district court determines a pro se plaintiff is incompetent, the district court "generally should appoint a guardian ad litem under Rule 17(c)." Alternatively, the Ninth Circuit held the district court should consider appointing counsel pursuant to 28 U.S.C. § 1915(e)(1). 745 F.3d at 1310-1311.

The first step in this analysis is for the district court to determine whether the pro se litigant, in this case Mr. Csech, is mentally incompetent. (*Id.* at 1310.) In that respect, the court inquired of Deputy Attorney General John L. Ward (who was appearing on behalf of Deputy Attorney General Johnson),[3] whether Nevada Department of Corrections and Northern Nevada Correctional Center could again attempt to undertake a physical and mental status examination of Plaintiff to address Plaintiff's competency. Mr. Ward indicated NDOC/NNCC should be able to undertake the necessary examinations.

The court therefore requested Mr. Ward to coordinate medical and mental status examinations of Plaintiff Robert Csech with NNCC, to advise Plaintiff when those examinations are scheduled and to have NNCC escort Plaintiff to those examinations. The Defendants were further directed to thereafter file reports of those examinations with

---

[2] The court is aware of multiple other civil right cases filed by Plaintiff (*Csech v. Quinn*, 3:13-cv-00263-MMD-WGC; *Csech v. Perry*, 3:13-cv-000289-MMD-VPC; *Csech v. Gedney*, 3:13-cv-00328-RCJ-VPC; *Csech v. Humphreys*, 3:13-cv-00343-RCJ-WGC; *Csech v. Gedney*, 3:13-cv-00392-RCJ-WGC; and *Csech v. McDaniel*, 3:13-cv-00631-RCJ-VPC. In one of these matters, *Csech v. Perry*, 3:13-cv-000289-MMD-VPC, Plaintiff has recently filed documents which are lucid and understandable, although not necessarily of legal merit. See, e.g., Doc # 58, Plaintiff's September 16, 2014 Motion for Default Judgment; Doc. # 57, a September 12, 2014 thirty-two page memorandum of points and authorities in reply to defendants' response to motion to compel; and Doc. # 56, the September 12, 2014 Reply to Defendants' response to his motion for sanctions.

[3] After the October 27, 2014 status conference, Deputy Attorney General John L. Ward, IV, filed a Notice of Appearance that he has assumed responsibility for representing the interests of the Defendants in this matter. Deputy Attorney General Benjamin Johnson is no longer associated with this case. (Doc. # 45.)

the court under seal and to provide Plaintiff an opportunity to review those reports in a manner consistent with NNCC policies and procedures.

Pending receipt of the medical and mental status examinations and until the court can further address Plaintiff's medical and mental status, all further discovery in this matter is **STAYED.** A status conference on the reports is scheduled for **January 6, 2015, at 10:00 a.m.**

IT IS SO ORDERED.

DATED: October 29, 2014

_____
WILLIAM G. COBB
UNITED STATES MAGISTRATE JUDGE